ligible, and these additional words may have been inserted in the bankrupt law for the very purpose of effecting a change. I do not decide this point, and have considerable doubt upon it. But I am clear that under the full powers given by section 1, I can order the sale of mortgaged property which is in the possession of the assignee, whether there is any dispute of title or not, and that section 25 does not take away this power, and that when the assignee has applied for such an order it is too late for the mortgagee to avoid it by replevin. What I doubt is, whether when the case is not one concerning liens and incumbrances upon property in the assignee's possession, but a mere adverse title asserted by a third person, the assignee can force a sale against the will of the adverse claimant.

Another important question which was very strenuously debated, was, whether the court can authorize the assignee to finish the locomotives at the expense of the estate. There is no express provision of the statute touching this point, but, upon careful reflection, I am satisfied that where a great advantage will result to the estate, and within a reasonable time, the assignee may be permitted to expend money in this way. I do not refer to trading; I cannot see that buying and selling as a trader can come within the scope of the assignee's duty, but his office being to sell and collect the assets, he may, by order of court, put the assets into a merchantable form, as by cutting timber, harvesting crops, and the like, and so of finishing unfinished goods, though not, perhaps, working up mere raw materials, unless under very peculiar circumstances. I yield to the argument that the necessary delay must not be at the risk of the mortgagee, and due order can be taken for his protection, by a deposit of money, or in some other way, if necessary.

Temporary injunction ordered in the suit in the circuit court. Reference of the petition in the district court to ascertain what part of the goods can be sold at once; what part, if any, can be advantageously finished, and within what time, and at what expense; what part of the goods is covered by the mortgage, and the consideration and validity of the mortgage. Leave given to all parties to apply to the court from time to time as they may be advised; and to the mortgagee to apply to have the proceeds of sales of goods embraced in his mortgage, paid over to him from time to time, on proper terms.

## Case No. 4,966.

FOSTER v. The BRITISH OAK.

[7 Leg. Int. 203.]

District Court, E. D. New York. Dec. 20, 1850.

Plaintiff shipped on board the Sligo, in June, 1849, 8,075 empty corn bags, to be delivered at New York. He charges gross waste on the part of the master, both in the storage and transportation, and that in being discharged in New York the bags were wet, filthy and rotten, requiring immediate sale at auction. The owners of the vessel take issue only as to the extent of damages, and say they tendered $250, together with costs. The libellants being dissatisfied, went on with the suit.

It is clear, THE COURT said, that the master has been grossly negligent, and not only that, but the violation of contract was accompanied by indecent and aggravated misconduct, which can receive no countenance from the court; and there is no special claim to any abatement from actual damage. The cost was $706.55, from which deduct the proceeds at auction, $344.98; the amount tendered, $250,—leaving $111.57; for which, with interest after date of sale, decree ordered.

## Case No. 4,967.

FOSTER v. CALLAWAY COUNTY.

[3 Dill. 200;[1] 1 Cent. Law J. 203.]

Circuit Court, W. D. Missouri. 1874.[2]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 93 U. S. 567.]